No. 602
DETROIT & IRONTON RD. CO. v. VOGELEY
No. 19114. Supreme Court.
On motion to certify. Dock. May 4, 1925; 3 Abs. 297.

1123. SUBROGATION—Is party whose automobile is damaged entitled to recover when it is claimed that loss has been paid by insurance company who become subrogated to rights of injured party?

This original case was instituted in the Fulton Common Pleas by Minnie Vogeley, for the purpose of recovering damages for injury to her automobile due to the alleged failure of the railroad company to keep a street crossing over its railway in proper repair. The jury in that case returned a verdict in favor of Vogeley for $700. Error was prosecuted and the Court of Appeals affirmed the decision of the Common Pleas.

The case is brought up to the Supreme Court on a motion to certify and it is contended by the company that the Common Pleas erred in striking the second defense from its amended answer, and interrogatories. The said defense in substance, sets forth that Vogeley was insured for over $500 by the United States Fidelity & Guaranty Co. against all loss or damage occurring to her by reason of such injuries or any injuries whatsoever to said automobile. That said policy stated that in case of any injury to said automobile, the insurer would pay the amount of injury to Vogeley and thereupon the insurer should be subrogated to all rights against any person or corporation who might be responsible for such injuries or loss.

The railroad company claims that Vogeley has been compensated by the insurance company in the sum of $398.33 and such company has filed with the railroad company a written claim for the payment of said sum as due by reason of its policy and by reason of its being subrogated to rights reposing in Vogeley.

The Railroad Co. contends that it should not be made to pay twice; that is to Vogeley by the court's order and to the insurance company by reason of subrogation. It is said; "an insurance company after paying a loss caused by a railroad fire or caused by the negligence of any third person, can recover from the wrong-doer in its own name, where the amount of insurance equals or exceeds the loss." "But if the insurance company has paid only part of the value of the property destroyed, it is only an assignee of such part under the doctrine of subrogation, and it and the owner must join as co-plaintiffs in suing the wrong-doer for he cannot be subjected to two actions."

It is contended that the Court of Appeals erred in stating that the answer was faulty because it did not contain an averment that

the alleged settlement between the insurance company and Vogeley took place before the commencement of the action. The implication in the answer cannot be avoided that the said rights of subrogation were based upon such payments of the loss by the insurance company in the claim by way of subrogation.

The following are raised by the answer:

1. A direct interest of the insurance com-
2. But that it should be subrogated to any and all rights and choses in action.
3. That it had filed its claim with the Railroad Co. for $398.33 paid by it.
4. The amount paid equalled the amount of the loss.

In conclusion it is said that in Ohio, independent of any provision for subrogation in the policy, the right to subrogation follows mere payment of the loss by the insurer, resting not alone, for its efficacy upon the contract.

Attorneys—F. S. & J. M. Ham, for Company; R. B. Darby and Paxson & Canfield, for Vogeley; all of Wauseon.